UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARY WONG,  :
    Plaintiff,  :
  :  CIVIL ACTION NO.
v.  :  3:10-cv-1645 (VLB)
  :
MICHAEL J. ASTRUE, COMMISSIONER,  :  March 7, 2013
SOCIAL SECURITY ADMINISTRATION,  :
    Defendant.  :

## RULING ON MOTION TO REVERSE THE DECISION OF THE COMMISSIONER [Doc. #21] AND ON THE COMMISSIONER'S MOTION TO AFFIRM [Doc. #24] AND ADOPTING THE RECOMMENDED RULING [Doc. #25]

    Before the Court is a recommended ruling issued by the Magistrate Judge Thomas P. Smith (Judge Smith) on December 4, 2012. [Doc. 25]. Judge Smith recommends that this Court remand this matter because the administrative record is incomplete because the transcript of a hearing conducted by the Administrative Law Judge (ALJ) on August 23, 2007. On December 18, 2012, the Commissioner filed an objection to the recommended ruling. [Doc. 26]. The Petitioner has not responded to the Commissioner's opposition. For the reasons stated below, the Court ADOPTS the recommendation and REMANDS the case to the Commissioner for proceedings consistent with Judge Smith's recommendation.

    The Commissioner objects to the recommendation to remand this case, arguing that the plaintiff does not establish how she was prejudiced by the omission of the transcript. In her motion to reverse the ruling of the Commissioner, the Plaintiff argued that by failing to include the transcript of the

August 23, 2007 hearing, the Commissioner violated his duty to develop the record [Doc. 21-1, at 14].

The Commissioner argues that to remand on this basis, the Plaintiff must demonstrate actual prejudice, citing *Lena v. Astrue,* No 3:10-cv-893 (SRU), 2012 WL 171305, at *9 (D.Conn. Jan 20, 2012), *citing Mcleod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011) (interpreting *Shinseki v. Sanders*, 556 U.S. 396 (2009), to require the party alleging error to demonstrate prejudice); *see also Pratts v. Chater*, 94 F.3d 34, 37-38 (2d Cir. 1996) (explaining that when an unsuccessful claimant files a civil action on the ground of inadequate development of the record, the issue is whether the missing evidence is significant).  The Commissioner argues that Judge Smith's decision does not cite to a level of actual prejudice that this Court should find sufficient to warrant remand.  The Commissioner further challenges Judge Smith's reasoning based on the fact that he only references one small piece of testimony from the August 23, 2007 hearing to conclude that it is impossible to determine if substantial evidence supports the ALJ's credibility finding as a whole [Doc. 25, at 5-6].  Noting that Judge Smith's point is well taken, the Commissioner respectfully disagrees with his inference, citing the fact that the ALJ has provided multiple reasons for her credibility finding, none of which are grounded in anything offered on August 23, 2007 (Tr. 16-18).  Thus, she argues, even if the Court accepts that the missing transcript makes it impossible to review some of the ALJ's credibility finding – this should still not be enough to disturb the ALJ's final decision and require remand for a new hearing and new decision.  In support of this proposition, the Commissioner

cites *Jones v. Astrue,* No 3:10-cv-476 (CFD), 2011 WL 322821, at *8 (D.Conn. Jan 28, 2011) (nothing that an ALJ's credibility finding should stand even if he makes some errors in that analysis, so long as the errors do not significantly detract from the ALJ's overall credibility analysis).

In the objection, the Commissioner does not dismiss Judge Smith's underlying concern. Rather, the Commissioner simply disagrees that the missing transcript is as relevant as Judge Smith does. Indeed, the ALJ conducted a full administrative hearing on September 13, 2007 (Tr. 21-70), which clearly served as the basis for the decision (Tr. 8-20). In sum, the impact of the missing transcript *in this case* truly is minimal.

This Court finds the Commissioner's arguments unpersuasive. It presumes facts not before this Court and asks this Court to trust that the undisclosed transcript would not inform the Court. That is simply not a decision which the Commissioner is allowed to make. The Commissioner is required to file the record with the Court and the Court is required to review the record. 42 U.S.C. §405(g). In fact, while the Commissioner cites, acknowledging the applicability of, *Shinsek v. Sanders*, *supra* wherein the Supreme Court reiterated its previous caution:

> We have previously warned against courts' determining whether an error is harmless through the use of mandatory presumptions and rigid rules rather than case-specific application of judgment, based upon examination of the record.

*Shinseki* at 307 (citing *Kotteakos v. United States*, 328 U.S. 750, 760 (1946)). The Court cannot determine whether the error, in this case, the failure to file the entire administrative record, significantly detracts from the ALJ's overall decision,

3

including its credibility analysis.  The Court cannot specifically apply its judgment, based upon examination of the record which has been withheld.

The argument that Judge Smith's reference to the missing transcript begs the question and simply illustrates the fact that the Commissioner acknowledges that there is some relevant evidence contained the withheld record.  This supports the need for rather than the superflousness of the withheld record.  Neither Judge Smith nor this Court could explicate the extent of relevant evidence which may exist in a transcript which the Commissioner inexplicably failed to file with this Court as required.

The Court is aware that the Commissioner's caseload has increased dramatically as have the Courts'; however, our mutual demands do not obviate the need to create and provide a complete record for the Court's consideration in discharging its duty.

The Court ADOPTS the recommended ruling and REMANDS this case for proceedings as recommended.

                IT IS SO ORDERED.

                _____/s/_____
                Vanessa L. Bryant
                United States District Judge

Dated at Hartford Connecticut:  March 7, 2013.